G. W. CHIPLEY & W. B. JONES, surviving partners *v.* SILAS KEATON *et al.*

If a partner purchases property with the partnership effects, and sells said property to a *bona fide* purchaser without notice, the other partners can not follow the property in the hands of such purchaser.

Assumpsit, tried before *Mitchell, J.,* at Spring Term, 1871, of IREDELL Superior Court.

The facts of this case sufficiently appear in the opinion of the Court.

*Bailey* and *Blackmer & McCorkle,* for plaintiffs.
*W. P. Caldwell,* for defendants.

RODMAN, J. The plaintiffs and one Tays were partners; it is not said that trading in slaves was a part of the partnership business; Tays purchased the slaves to recover damages, for whose conversion this action is brought, and paid for them partially with his own money, but mostly with that of the partnership; he took the bill of sale to himself alone, and kept possession of the slaves for several years when he sold them to the defendants, who converted them. Jones was with Tays when he purchased the slaves and took the title to himself, and made no objection to his doing so. We see no error in the charge of the Judge. If a partner without the consent or knowledge of his co-partners, misappropriates the funds and

invests them in property in his own name, he is of course liable to his partners. But if he afterwards sells the property to a *bona fide* purchaser without notice, the other partners cannot follow the property in the hands of such purchaser. Much less can they do this, when they acquiesced in the sole possession of the third partner for two or three years.

This conclusion rests on principles so plain and familiar that we consider it unnecessary to refer to any authorities in support of it.

PER CURIAM.                              Judgment affirmed.